TULSA TRIBUNE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19403. Promulgated January 29, 1931.

*Charles H. Garnett, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

1408

OPINION.

LANSDON: The petitioner's claim that its circulation structure must be treated as a tangible asset and not subjected to the limitation of section 326 of the Revenue Act of 1918 respecting invested capital has been decided contrary to that contention so often that it is not now necessary to give it any further consideration. The action of the respondent, therefore, under this issue must be sustained. *Herald-Despatch Co.*, 4 B. T. A. 1096.

The alternative contention of the petitioner is that in effect its stock was issued for $300,000 in cash and therefore the total par value thereof should be included in the computation of its invested capital for the taxable year. The record does not support this view of the transaction culminating in incorporation on January 19, 1920. The evidence discloses that Jones bought the assets of the Tulsa Democrat from Charles Page some time in November, 1919, and paid therefor the amount of $300,000 in cash. Funds for this payment were supplied by Jones and his associates largely obtained as a loan from a Tulsa bank. Whether the note given to the bank was the obligation of Jones endorsed by the other associates, or of the associates endorsed by Jones, is not clear and is immaterial, since it is established that the assets of the Tulsa Democrat were purchased by the associates and that for some time the new paper was operated either as an individual enterprise by Jones or as a partnership composed of himself

and associates. Any small profit that resulted from operation before incorporation, on his own admission, was conceded or awarded to Jones in compensation for his services in promoting the transaction. On January 19, 1920, incorporation was completed and on that date the assets purchased from Page were turned in and stock of the par value of $300,000 was issued therefor.

The petitioner does not challenge the Commissioner's determination that among the assets purchased from Page and turned into the corporation was included circulation structure of the value of $160,000. Since this asset was an intangible, as held above, and the circumstances bring the incorporation squarely within the provisions of section 326(a)(5) of the Revenue Act of 1918, the determination of the Commissioner must be approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

STERNHAGEN concurs in the result only.